IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILNER VAL SAINT,
    Plaintiff,

vs.                                    Case No. 5:11cv302/RS/CJK

FEDERAL BUREAU OF PRISONS, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Court upon plaintiff's second amended civil rights complaint filed under 28 U.S.C. § 1331 and *Bivens*.[1] (Doc. 17).  The filing fee has been paid, and the complaint has been reviewed under 28 U.S.C. § 1915A.  Upon review of the second amended complaint, the Court concludes that plaintiff has not presented, and cannot present, an actionable *Bivens* claim against the named defendants.  Therefore, dismissal of this case is warranted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institution in Coleman, Florida ("FCI-Coleman").  His second amended complaint names the following defendants:  Federal Prison Industries ("FPI"), and "Unknown

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (recognizing an implied private action for damages against individual federal officers alleged to have violated a citizen's constitutional rights).

Federal Officers - Factory Foremen/Managers" at FPI. (Doc. 17, p. 2). Plaintiff's claims arise out of his inmate work assignment at the Federal Correctional Institution in Marianna, Florida, from November 1, 2002 until September 18, 2004. Specifically, plaintiff claims he was injured from exposure to toxic substances from FPI's electronics recycling program. (*Id*., p. 5 ¶ ¶ 1, 10; *see also* doc. 1 and Attach.). Plaintiff was required to unload, breakdown, disassemble, handle, salvage and discard computers, televisions, and other electronics for parts that could be reused or sold, such as processors or cathode ray tubes. (*Id*., pp. 5-6). Plaintiff alleges that he was exposed to thick clouds of toxic fumes and dust containing high levels of lead and cadmium, and that when he complained of the working conditions to the unknown officers employed as foremen, they "misled Plaintiff into believing the dust exposures were safe" (*id*., p. 5 ¶ 5) and "were ignorant to Plaintiff's concerns and complaints regarding the toxic exposures, and threatened to terminate Plaintiff's employment if Plaintiff had a problem working in the hazardous conditions." (*Id*., p. 6 ¶ 18). As a result of the toxic exposure, plaintiff claims he began suffering "digestive problems, acute respiratory symptoms, short-term memory loss, muscle pain, headaches, problems urinating and abnormal skin lesions" beginning in 2009. (*Id*., p. 6A ¶ 20). Plaintiff complains that medical staff at FCI-Coleman have failed to provide adequate medical treatment for these conditions. (*Id*., p. 6A ¶¶ 24-26). Based on the foregoing allegations, plaintiff asserts the named defendants violated his Eighth Amendment rights by subjecting him to "unsafe, hazardous, and dangerous working conditions," and by failing to provide "specialized 'outside'" medical treatment for his work-related injuries. (*Id*., p. 7). He further claims the defendants violated his First Amendment rights by retaliating against him for his complaints by transferring him

from FCI-Marianna to FCI-Coleman. (*Id*.). As relief, plaintiff seeks compensatory damages in the amount of $5 million, punitive damages in the amount of $5 million, and injunctive relief in the form of "immediate medical treatment by a specialized outside medical practitioner experienced in respiratory treatment, dermatologist treatment, and other areas to which Plaintiff's injuries are factored." (*Id*.).

## DISCUSSION

Because plaintiff is a prisoner, this Court must dismiss the complaint, or any portion of it, if the Court determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A

complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (explaining, for example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of the second amended complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible *Bivens* claim against any of the named defendants.

<u>Plaintiff's Claims Against Federal Prison Industries are Barred by Sovereign Immunity</u>

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 172 L. Ed. 2d 308 (1994). A suit is against the sovereign when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." *Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 10 L. Ed. 2d 15 (1963) (quoting *Land v. Dollar*, 330 U.S. 731, 738, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947)). A suit against Federal Prison Industries is considered a suit against the United States. *Sprouse v. Federal Prison Indus., Inc.*, 480 F.2d 1, 3 (5th Cir. 1973)[2]; *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 463 (C.A. D.C. 1999); *Florida, ex rel. Cobb v. U.S. Dep't of Justice*, No. 5:10cv118/RS/MD, 2010 WL 3211992 (N.D. Fla. Aug. 12, 2010). As the court in *Galvan* explained:

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

*Case No: 5:11cv302/RS/CJK*

> FPI is a wholly owned Government corporation, *see* 31 U.S.C. § 9101, and all money under FPI's control is held by the U.S. Treasury to the credit of FPI. *See* 18 U.S.C. § 4126(a) (1994). Thus, any judgment in [the prisoner's] favor would require FPI to pay damages directly from the public treasury. *See generally Sprouse v. Federal Prison Industries, Inc.*, 480 F.2d 1, 3 (5th Cir. 1973) ("[T]hough the prisoners vehemently deny it, 'the conclusion is inescapable that the suit is essentially one designed to reach money which the government owns.' " (quoting *Mine Safety Appliances Co. v. Forrestal*, 326 U.S. 371, 375, 66 S. Ct. 219, 90 L. Ed. 140, (1945))).

*Id.* at 463.

Because "[s]overeign immunity is jurisdictional in nature[,]" *F.D.I.C.*, 510 U.S. at 475, and because plaintiff bears the burden of establishing subject matter jurisdiction, for plaintiff to proceed against FPI he must overcome the sovereign's immunity by proving an explicit waiver of immunity. Plaintiff's allegations fail to establish a basis for any such waiver. Therefore, his claims against FPI must be dismissed.[3]

<u>Plaintiff's Allegations Fail to State a Plausible Eighth Amendment Claims Against the Remaining Defendants</u>

Plaintiff claims that the remaining defendants – the "Various Unknown Federal Officers – Factory Foremen/Managers" of FPI – violated his Eighth Amendment rights when they "subjected Plaintiff to these working conditions without proper protective wear." (Doc. 17, p. 7). In *Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993), the Supreme Court held that prison officials'

---

[3]Even if FPI's immunity had been waived, plaintiff still cannot maintain a *Bivens* cause of action for damages against FPI, because the Supreme Court has expressly declined to extend *Bivens*-type actions to federal agencies. *F.D.I.C.*, 510 U.S. at 486; *United States v. 1461 West 42nd Street, Hialeah, Fla.*, 251 F.3d 1329, 1339-40 (11th Cir. 2001) (holding that *Bivens* claims are "only cognizable when brought against federal officials individually").

deliberate indifference to a condition of confinement that was very likely to cause serious medical illness in the future was a violation of the Eighth Amendment. *Id.*, 509 U.S. at 31-34, 113 S. Ct. at 2480-81. To establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 56 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id.*, 511 U.S. at 842, 114 S. Ct. at 1983.

     Here, plaintiff's sole allegation in support of his claim of deliberate indifference is that: "Plaintiff complained of the exposure . . . constantly to the Defendants, however, the Defendants misled Plaintiff into believing the dust exposures were safe." (Doc. 17, p. 5 ¶ 5). Plaintiff later states, "Various unknown federal officers employed as foremen and/or forewomen were ignorant to Plaintiff's concerns and complaints regarding the toxic exposure, and threatened to terminate Plaintiff's employment if Plaintiff had a problem working in the hazardous conditions." (*Id.*, p. 6 ¶ 18). These allegations – that the foremen wrongly advised plaintiff that the dust was safe and were "ignorant" to his complaints – do not give rise to the plausible suggestion that the individual defendants knew the dust was toxic

at the time of plaintiff's complaints. Although it was later revealed through various federal agencies' investigations that the dust contained high levels of lead and cadmium and that FPI had not installed appropriate protective equipment, (doc. 17, pp. 5-6), plaintiff's allegations do not suggest that the individual foremen knew of the toxicity at the time of plaintiff's employment. His allegations suggest, at most, negligence, which does not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 838, 114 S. Ct. at 1979 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."). Because plaintiff's allegations fail to raise his claims of deliberate indifference beyond the conceivable to the plausible, his Eighth Amendment claims of hazardous working conditions should be dismissed. *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (holding that plaintiffs must "nudge their claims across the line from conceivable to plausible," and that the plaintiffs in that case failed to do so because their allegation that defendants engaged in parallel behavior did not plausibly suggest an unlawful agreement or conspiracy); *Ashcroft v. Iqbal*, — U.S. — , 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (holding that prisoner's bare assertions that the defendants "knew of, condoned, and willfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest" amounted to "nothing more than a formulaic recitation of the elements of a constitutional discrimination claim") (internal quotations marks and citations omitted).

With respect to plaintiff's Eighth Amendment claims concerning inadequate medical treatment at FCI-Coleman, even assuming the truth of plaintiff's allegations, plaintiff fails to associate the FPI foremen who supervised plaintiff's work at FCI-Marianna with the alleged inadequate medical care plaintiff received once he was transferred to FCI-Coleman. Therefore, plaintiff's medical care claims against the FPI foremen must be dismissed. *See generally Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissing prisoner's claims of retaliation against three prison officials because the prisoner failed to allege facts connecting the prison officials to the harassment the prisoner claimed he suffered, as required to support his § 1983 claim of retaliation against those named officials); *see Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381-85 (3d ed. 2004) ("[A] complaint will be held defective ... if [it] fails to connect the defendant with the alleged wrong.").

## Plaintiff's First Amendment Retaliation Claims are Barred by the Statute of Limitations and by 42 U.S.C. § 1997e(e)

Plaintiff's remaining claim is his First Amendment retaliation claim. Plaintiff claims that during his employment at FPI, the foremen defendants retaliated against him for his work-condition complaints by threatening to terminate plaintiff's employment and by transferring him to a different institution. The allegations of plaintiff's original complaint and attachments show that plaintiff was employed at FPI from November 1, 2002 to September 18, 2004. (Doc. 1).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). A *Bivens* action is subject to the same statute of limitations that would apply to a complaint brought pursuant to 42 U.S.C. § 1983. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). A § 1983 action is governed by the forum state's general personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)). In Florida, there is a four-year personal injury statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996); *see* Fla. Stat. § 95.11(3).

Although the <u>length</u> of the statute of limitations is resolved by reference to state law, the <u>accrual date</u> of a *Bivens* or § 1983 action is governed by federal law. *Wallace v. Kato*, 549 U.S. at 388, 127 S. Ct. at 1095. Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). Here, it is clear from the allegations of plaintiff's original complaint, as well as that complaint's attachments, that the alleged

retaliation occurred during plaintiff's employment (November 1, 2002 through September 18, 2004), and that plaintiff was aware at that time that it was the defendant foremen who inflicted the injury (even though plaintiff did not know their particular names). *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (holding that in deciding whether to dismiss inmate's second amended complaint for failure to state a claim, the district court properly considered documents that were filed with inmate's original complaint).[4] Thus, plaintiff's retaliation claim accrued, at the latest, in 2004 when plaintiff learned of the decision to terminate/transfer him. *See, e.g., Coates v. Natale*, 409 F. App'x 238, 240 (11th Cir. 2010) (former student's First Amendment claim against state technical college, officials, and professor for alleged retaliation by expelling student based on her protected speech accrued when student learned of decision to expel her); *Grissom v. Rohling*, Nos. 10-3306, 11-3009, 2011 WL 2728297, at *3 (10th Cir. July 14, 2011) (unpublished opinion) (state prisoner's § 1983 First Amendment retaliation claim arising out of prison transfer accrued, and statute of limitations began to run, on date of transfer).  Plaintiff had four years from that date in which to file his complaint.  Plaintiff's original complaint in this case was not filed until May 25, 2010.  Although plaintiff was warned in a previous amend order of the statute of limitations bar, (doc. 8, pp. 3-4), he has not pled any facts indicating that the period should toll.  To the contrary, he has merely removed the dates of his employment from his amended complaints.  This does not avoid the statute of limitations bar.  Because it is clear from the face of plaintiff's

---

[4]The undersigned cites this and other unpublished cases only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

pleadings that his First Amendment retaliation claims are time-barred, these claims should be dismissed.

Even if not time-barred, plaintiff claims arising from the defendants' alleged retaliation are subject to dismissal under 42 U.S.C. § 1997e(e), because plaintiff fails to allege a physical injury arising from the alleged retaliation. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 28 U.S.C. § 1331 and *Bivens*, is a "Federal civil action" under this definition. It is evident from the face of the pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's claims for compensatory and punitive damages, which cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the defendants' alleged threats and retaliatory transfer, and/or the fact of the alleged First Amendment violation itself (divorced from any mental or emotional injury it caused). Plaintiff's second amended complaint identifies no physical injury arising from defendants' retaliatory conduct, much less injury that is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("*Harris I*") (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion*

*reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"). Therefore, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris I*, 190 F.3d at 1287-88 (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)), *reinstated on reh'g*, *Harris II*, 216 F.3d at 972; *see also Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury); *see also Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009) (holding that prisoner could not recover compensatory or punitive damages with respect to his constitutional retaliation claim, because he failed to alleged the requisite physical injury).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's second amended complaint (doc. 17) be DISMISSED under 28 U.S.C. § 1915A(b)(1) and (2), because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of October, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).